FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re Tomas Burgos, Jr.,                              Chapter 13
                                                      Case No. 12-36302
            Debtor.

-------------------------------------------------------X

# MEMORANDUM DECISION
# DISMISSING DEBTOR'S CHAPTER 13 CASE

**A P P E A R A N C E S :**

Jeffrey L. Sapir-13
As Chapter 13 and 12 Trustee
399 Knollwood Road
Suite 102
White Plains, NY 10603
 *Chapter 13 Trustee*

Tomas Burgos, Jr.
308 Parr Meadow Drive
PO Box 2523
Newburgh, NY 12550
*Debtor, pro se*

**HON. CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE, SDNY**

The Court considers the Chapter 13 Trustee's (the "Trustee") motion to

dismiss the bankruptcy case of the *pro se* debtor, Tomas Burgos, Jr. ("Debtor").

The Court grants the Trustee's motion because the Debtor failed to timely file the

schedules, disclosures and other information required by 11 U.S.C §§ 521 and 1307 and Federal Rule of Bankruptcy Procedure 1007, failed to attend his meeting of creditors required by 11 U.S.C § 341, and failed to attend the hearing on the Trustee's motion to dismiss that was held on July 24, 2012, among other reasons as set forth herein.

### *Jurisdiction*

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

### *Background*

The Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on May 21, 2012.[1] ECF No. 1. With his petition, the Debtor filed a certificate of credit counseling, and an application to pay the $281 filing fee in installments. ECF Nos. 3, 4. The Court entered an order granting Debtor's application to pay in installments. ECF No. 5. Debtor made one installment payment of $80 on May 22, 2012. Receipt No. 32776.

Debtor did not file any schedules, statement of financial affairs, or any other required supporting documents with his petition. A deficiency notice was mailed to

---

[1] Title 11 of the United States Code, §§ 101 *et seq.*, hereafter referred to as the "Bankruptcy Code."

the Debtor on May 23, 2012, listing the outstanding documents and alerting the Debtor that failure to file the documents by June 4, 2012, could result in dismissal of his bankruptcy case. *See* ECF No. 6. The outstanding documents included a statement of current monthly income and calculation of commitment period and disposable income due, chapter 13 model plan, schedules A through J, and a summary of schedules. *Id.*

The Debtor failed to file any of the outstanding documents by the June 4 deadline. On June 6, 2012 the Debtor filed a motion for a 30-day extension (to July 14, 2012) to submit the outstanding documents. ECF No. 10. He claimed in the motion to be "waiting on copies of important documents that must be included for my 521(a) documents that may or may not affect said case." *Id.* On June 21, 2012 the Trustee filed a motion to dismiss pursuant to several Bankruptcy Code sections, including for failure to appear at the meeting of creditors, failure to file schedules and a plan, and failure to provide copies of tax returns and pay stubs. *See* ECF No. 11.

On July 11, 2012 the Debtor filed a document entitled "Letter *RE: Power of Attorney*", which included an incoherent letter to the Commissioner of the Social Security Administration indicating that the Debtor was repudiating, nunc pro tunc, a "power of attorney Consent," which allegedly was attached to his Social Security number, effective to the date the account was opened. *See* ECF No. 12. Also

included in the filing was a UCC 1 Financing Statement, which states that the Debtor is a "living soul" and that he thereby "secures all rights, all interests and title" in the Debtor's birth certificate. *Id.* The UCC statement also purports to secure "the pledge represented" by the Debtor's birth certificate, including "the pinus hypotheca, herediments, res, the energy and all products derived therefrom, including…the name TOMAS BURGOS JR." *Id.*

It is noted that the July 11 filing included a direction to the Clerk of the Court to file the documents and return to the Debtor a certified copy acknowledging the filing, or in the alternative evidence of the Clerk's "Article VI Oath of Fidelity as well as the policy number and name and address of the Underwriter of your Bond." *Id.* These filings do not satisfy the financial disclosures that are required by the Bankruptcy Code and Rules.

On July 13, 2012, the Debtor filed with the Court a copy of his birth certificate, along with a letter stating that the birth certificate was a "bond" which he was "pledging for liquidation and to settle, set-off and close all debt accounts, both public and private."

The Trustee filed a motion to dismiss on June 21, 2012 (the "Motion"). The Motion lists the various Bankruptcy Code sections that the Debtor allegedly failed to comply with. The Trustee seeks dismissal of the Debtor's case pursuant to:

- Bankruptcy Code § 1307(c)(1) for unreasonable delay which prejudiced the creditors;

- Bankruptcy Code § 1307(c)(3) for failure to file a plan;

- Bankruptcy Code § 1307(c)(4) for failure to make payments to the Trustee;

- Bankruptcy Code § 521(i) for failure to file a list of creditors, schedules, statement of financial affairs, copies of payments within 60 days of filing, and statements showing net income and anticipated changes in income;

- Bankruptcy Code § 521(e)(2)(A)(i) for failure to submit a copy of Federal income tax return;

- Bankruptcy Rule 3015(b) for failure to file a plan within 14 days of the initial petition filing, or to timely file a request to extend; and

- 11 U.S.C. § 341(a) for failure to appear at a meeting of creditors.

## *Ruling*

There exists in this case a plethora of reasons to dismiss pursuant to the many Bankruptcy Code sections listed by the Trustee, any one of which alone would be sufficient to dismiss. The 45-day deadline set out in Bankruptcy Code § 521(i) expired on July 5, 2012. The extended deadline requested by the Debtor, of July 14, 2012, passed without the filing of the schedules and other necessary documents. This Court was prepared to make an inquiry as to the nature of the delay in obtaining the proper information and attending the meeting of the

creditors, but was unable due to the Debtor's failure to attend the scheduled hearing on the Motion on July 24, 2012.

## *Rules and Legal Standards*

### I. Trustee's Motion to Dismiss

#### A. § 1307(c)(1)—unreasonable delay

Section 1307(c)(1) states that in a chapter 13 case "unreasonable delay by the debtor that is prejudicial to creditors" is grounds for conversion to chapter 7 or dismissal. 11 U.S.C. § 1307(c)(1). "The powers bestowed upon the court in § 105(a) include the equitable and discretionary power to dismiss a case under § 1307(c)." *Howard v. Lexington Invs.*, 284 F.3d 320, 323 (1st Cir. 2002). Courts have found 'unreasonable delay' where a debtor failed to timely file her state tax returns, *id.*, failed to make payments under the plan, failed to disclose ownership of assets on schedules, and "fail[ed] to make good faith payments to the Chapter 13 Trustee." *In re Blaise*, 219 B.R. 946, 950-51 (B.A.P. 2d Cir. 1998). Where a further delay by the debtor "would only prejudice creditors and [make] the feasibility of any plan unlikely" conversion or dismissal is proper. *Howard*, 284 F.3d at 323 (citing *In re Gonzalez*, 99 B.R. 188, 191 (Bankr. D.P.R. 1989)). A court's "consideration whether to dismiss or convert under § 1307(c) requires the court further to determine whether the best interests of the estate and its creditors dictate conversion or dismissal." *In re Blaise*, 219 B.R. at 950.

Just as in *Howard v. Lexington Invs.*, the Debtor in this case has failed to file his tax returns with the Trustee. This Debtor has also failed to make payments to the Trustee, similar to the debtor in *In re Blaise*. An analysis of whether dismissal or conversion would better benefit creditors is difficult, if not impossible, due to the Debtor's failure to file a list of creditors. Therefore, dismissal is proper under § 1307(c)(1).

### B. §1307(c)(3)—failure to timely file a plan

Section 1307(c)(3) provides for conversion to chapter 7, or dismissal, of a chapter 13 case where the debtor "[failed] to file a plan timely." 11 U.S.C. § 1307(c)(3). A bankruptcy court's decision whether to dismiss for failure to file a plan is discretionary, and "if the bankruptcy court's conclusion supporting dismissal are supported by the facts, there is no abusive discretion." *In re Dudley*, 273 B.R. 197, 199 (B.A.P. 8th Cir. 2002). Failure to file a plan combined with failure to file other required financial documents "constitutes unreasonable delay by the debtor, and is cause for dismissal of the case." *In re Martin-Trigona*, 35 B.R. 596, 601 (Bankr. S.D.N.Y. 1983) (where the debtor failed to file his plan or schedule of assets and liabilities in the four months since his case was filed, though he did file a list of creditors).

In this case the Debtor has not filed any of the required documents, except for his initial petition, in the two months his case has been open. This Debtor has

filed even less required paperwork than the debtor in *In re Martin-Trigona*, who did file a list of creditors. This Debtor's failure to file a plan, combined with his failure to file any other required documents, amounts to "unreasonable delay" as defined in *In re Martin-Trigona* and is grounds for dismissal. Therefore, dismissal is proper under § 1307(c)(3).

### C. §1307(c)(4)—timely payments to the trustee

Section 1307(c)(4) provides for conversion to chapter 7, or dismissal, of a chapter 13 case where the debtor failed "to commence making timely payments under § 1326 of this title." 11 U.S.C. § 1307(c)(4), *In re Miller*, Nos. 08 Civ. 4305(JGK), 08 Civ. 4306(JGK), 2009 WL 174902, at *2 (S.D.N.Y. January 26, 2009) (affirming a bankruptcy court dismissal on several grounds, including the debtor's failure "to remit timely payments to the Chapter 13 trustee."). Section 1326 provides that a "debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier." 11 U.S.C. § 1326(a)(1).

In this case, the Debtor has not proposed a chapter 13 plan, or made any payments to the Trustee. Either one of these failures, under § 1307, may be cause for dismissal on its own. "Where there exists a multiplicity of factors which would be sufficient to meet the cause requirement of § 1307, the cumulative effect will be considered in determining whether there exists sufficient cause for a dismissal with

prejudice." *Martin-Trigona*, 35 B.R. at 601. Therefore, dismissal is proper under § 1307(c)(4).

### D. § 521(i)—timely filing of documents required by § 521(a)

Section 521(i) provides that if a chapter 13 debtor "fails to file all of the information required under subsection (a)(1) within 45 days after the date of filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." 11 U.S.C. § 521(i)(1). The information required by subsection (a)(1) includes, among other things, a list of creditors, schedule of assets and liabilities, schedule of current income and expenditures, and a statement of the debtor's financial affairs. The order of dismissal shall be entered "not later than 7 days after" an interested party moves the court for such dismissal. 11 U.S.C. § 521(i)(2). In *In re Christensen*, No. 12–10042, 2012 WL 1252593, (Bankr. S.D.N.Y. April 13, 2012), the debtor failed to submit a credit counseling certificate and Schedules A through J. The bankruptcy judge concluded that in such a case "there is more than sufficient basis to dismiss the Debtor's bankruptcy case." *Id*. at *2 (the court ultimately transferred venue on other grounds rather than dismiss). This Court has found, in dicta, that Congress intended the automatic dismissal in the statute to be truly automatic at the expiration of 46 days, and that any other interpretation would give no effect to the language. *In re Tay-Kwamya*, 367 B.R. 422, 425 (Bankr. S.D.N.Y. 2007) (rebutting the argument that § 521(i)(2)

requires a motion made and a court order entered to dismiss a case under this section).

For the reasons stated by the court in *In re Christensen*, the Court grants the Trustee's Motion. In the case at bar, Debtor has failed to file all the documents required under § 521(a)(1). The 45-day deadline to file the information, set by § 521(i)(1) expired on July 5, 2012; the 46th day from the date of filing was July 6, 2012. The information required by the Bankruptcy Code has not been filed. Therefore, dismissal is proper under § 521(i).

### E. § 521(e)(2)(A)(i)—providing federal income tax returns to the trustee

Section 521(e)(2)(A)(i) provides that within seven days before the meeting of the creditors, the debtor shall provide the trustee with the federal income tax return from the most recent year. 11 U.S.C. § 521(e)(2)(A)(i). If the debtor fails to provide the tax return the case shall be dismissed "unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor." 11 U.S.C. § 521(E)(2)(B).

In this case the Debtor did not provide his tax returns to the Trustee prior to a meeting of the creditors (no such meeting was held). The tax returns are still outstanding. Pursuant to § 521(e)( 2)(A)(i) this is grounds for dismissal, and is not discretionary upon the Court. The Debtor has not made any indication that he

would meet any exception to dismissal provided for in § 521(E)(2)(B). Therefore, dismissal is proper under § 521(e)(2)(A)(i).

### F.  Bankruptcy Rule 3015(b)—chapter 13 plan

Federal Rule of Bankruptcy Procedure 3015(b) provides that if a chapter 13 plan "is not filed with the petition, it shall be filed within 14 days thereafter, and such time may not be further extended except for cause." Fed. R. Bankr. P. 3015(b). The objective of this rule is to help ensure that the case moves along quickly and efficiently. *In re Pearson*, 773 F.2d 751, 757 (6th Cir. Mich. 1985) (commenting that a case should not get hung up on a jurisdictional question to the detriment of the case's efficient advancement). If more than 14 days are needed, a debtor may move for an extension under Rule 9013. Fed. R. Bankr. P. 9013. Whether or not to dismiss a case for failure to timely file a plan is discretionary upon the court. *In re Greene*, 127 B.R. 805, 806 (Bankr. N.D. Ohio 1991).

In this case the Debtor did not file a plan within fourteen days, and still has not. Debtor has made no motion for an extension under this section of the Bankruptcy Code. Additionally, Debtor has made no showing of cause as to why he should be granted extra time. Therefore, dismissal is proper under Bankruptcy Rule 3015(b).

### G. § 341(a)—meeting of the creditors

Section 341(a) provides that "[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341(a). "The failure of a debtor to appear at this meeting constitutes grounds for dismissal." *Matter of Daylight Transport, Inc.*, 42 B.R. 20, 27 (Bankr. E.D.N.Y. 1984). Where a "debtor fails to appear at the § 341(a) meeting as ordered, the estate and its creditors will be hindered and the bankruptcy process will be frustrated. Hence, a debtor's failure to attend a § 341(a) meeting without justification amounts to a failure to abide by an order of the court." *In re Pappalardo*, 109 B.R. 622, 625 (Bankr. S.D.N.Y. 1990).

In this case, according to the Trustee's motion, the Debtor failed to attend the § 341(a) meeting of creditors. The Debtor has offered no response or justification. According to the holding in *In re Pappalardo* and *Matter of Daylight Transport*, dismissal is proper.

## II.   Debtor's Motion to Extend Deadline

Debtor filed a motion to extend the time allowed to submit the necessary documents by 30 days because he was "waiting on copies of important documents" for inclusion in his submission. In the motion Debtor referred to Bankruptcy Code § 521(a)(1) as the list of documents that he was waiting on. This section includes: a list of creditors; schedule of assets and liabilities; schedule of current income and expenses; statement of financial affairs; and federal income tax return. Waiting on

the 521(a)(1) documents does not explain Debtor's failure to attend the 341(a) meeting of the creditors or his failure to file a plan under Rule 3015(b).

Section 521(i) provides that a debtor's case is automatically dismissed if the necessary documents are not filed "within 45 days after the date of the filing of the petition." 11 U.S.C. § 521(i). This Bankruptcy Code section is discussed at length in section (I)(D) of this opinion.

In this case it appears that the Debtor intended to seek an extension of the time provided to file the information pursuant to § 521(i)(3), which allows a debtor to request extra time to submit the necessary documents, not exceeding 45 days. 11 U.S.C. § 521(i)(3). Though the Debtor only refers to the § 521(a)(1) documents in his motion, this Court understood the motion to encompass all missing documents as part of the leeway afforded *pro ses*. While the filing of this motion was two days late, flexibility was given due to the Debtor's lack of legal knowledge and experience. No documents have been forthcoming, and the deadlines to file them have passed—including the requested extension date of July 14, 2012. Therefore, dismissal is proper under § 521(i).

### *Conclusion*

For all the foregoing reasons, the Court grants the Trustee's motion to dismiss pursuant to 11 U.S.C. §§ 521(e) and (i), 1307(c)(1), (3) and (4), and

Federal Rule of Bankruptcy Procedure 3015(b). The Bankruptcy Code and Rules require a chapter 13 debtor to file financial disclosures, a plan, and other information within set deadlines. The Debtor failed to meet any of these obligations, and did not appear at the meeting of creditors or the hearing on the Trustee's motion to dismiss. Therefore, it is hereby

ORDERED, that the Trustee's Motion is GRANTED, and the present bankruptcy case is DISMISSED. The Trustee shall submit an order.

Dated: August 3, 2012
Poughkeepsie, New York

/s/ Cecelia G. Morris
Chief United States Bankruptcy Judge